Paul J. Petit
Attorney at Law
3538 Connery Way, Unit B
Missoula, MT  59808
Telephone: (509) 619-3632
paulpetit1109@gmail.com

Andrew D. Huppert
Attorney at Law
CAREY LAW FIRM, P.C.
225 West Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011
andrew@carey-law.com

*--Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| SIERRA CASSELMAN AND SANDRA CHAFEE (formerly known as Sandra McClure), | Cause No. _____ |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| LITHIA OF MISSOULA II, LLC, a Montana Limited Liability Company, and TOYOTA MOTOR CREDIT CORPORATION, a California Corporation registered to do business in Montana, | |
| Defendants. | |

Plaintiffs, by their Attorneys PAUL J. PETIT and ANDREW D. HUPPERT, CAREY LAW FIRM, P.C., for their Complaint against Defendants, state as follows:

## PARTIES

1.     Plaintiffs Sierra Casselman and Sandra Chafee are residents and citizens of the State of Montana, residing in Missoula County, Montana.

2.     Defendant LITHIA OF MISSOULA, II ("Lithia") is a Montana limited liability company operating an automobile dealership in Missoula County, Montana.

3.     Upon information and belief, and based on filings with the Montana Secretary of State, it is alleged that Lithia is not a citizen of Montana for federal jurisdiction purposes because none of its members are a citizen of Montana.

4.     Defendant Toyota Motor Credit Corporation ("TMCC") is a California for-profit corporation with no principal place of business in Montana and is therefore not a citizen of Montana for federal jurisdiction purposes.

5.     TMCC is a financing arm of Toyota's dealership network and Lithia is a Toyota dealer in Missoula County, Montana.

6.     Plaintiffs' claims against each Defendant exceed the sum or value of $75,000, exclusive of interest and costs.

<u>JURISDICTION AND VENUE</u>

7.     Defendants are subject to the jurisdiction of this Court regarding Plaintiffs' claims pursuant to 28 U.S.C. 1332(a)(1) as a result of complete diversity of citizenship between each Plaintiff and both Defendants, and the amount in controversy herein.

8.     Venue is proper in this case pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

<u>FACTS COMMON TO ALL COUNTS</u>

9.     On October 17, 2018, Plaintiffs purchased a 2013 Rover Evoque, vehicle VIN: SAL VN2BG2DH786574, ("Vehicle") pursuant to a Retail Installment Sale Contract ("Sale Agreement") dated October 17, 2018, a true copy of which is attached hereto as Exhibit A ("Subject Vehicle").

10.     Plaintiffs purchased the vehicle from Lithia and financed that purchase through TMCC.

11.     At Lithia's urging, Plaintiffs also purchased a Lithia Limited Warranty covering mechanical and electrical component failure for 60 days or 3,000 miles.  The vehicle was also covered under the Toyota Financial

Services "GAP" Program which extended the protection for the life of the financing agreement.  The 60-day Lithia Limited Warranty was in force until December 6, 2018.

12.    Shortly after the purchase, the vehicle experienced several major mechanical and electrical failures.  These defects were brought to Lithia's attention, but Lithia refused to accept responsibility for the majority of the defects and claimed the defects were not covered under warranty.

13.    Plaintiffs asserted that the Vehicle was substantially defective, and that Lithia breached the specific Warranty covering the Vehicle. Plaintiffs asserted they did not owe the installment payments under the TMCC financing agreement and that Defendants were liable to Plaintiffs for all damages proximately resulting from Defendants' actions.

14.    Defendants asserted that as of April 1, 2021, Plaintiffs owed TMCC $28,016.79 in installment payments pursuant to the Sale Agreement.

15.    On April 1, 2021, Plaintiffs and Defendants entered into a "Settlement Agreement" intended to resolve the disputes between these parties.  A true and correct copy of that Settlement Agreement is attached hereto as Exhibit B.

16.    The Settlement Agreement provides:

a.  TMCC and Lithia acknowledged that as of April 1, 2021, the Subject Vehicle had been tendered to Lithia at its place of business in Missoula County, Montana. (Ex. B, ¶ 1)

b.  Lithia agreed to pay off the financing balance on the Subject Vehicle owed by Plaintiffs to TMCC within 10 business days of tender of the vehicle to Lithia and execution of the Settlement Agreement. (Ex. B, ¶ 4)

c.  Plaintiff was relieved of any further obligation, payment, or performance under the Sales Agreement, including all obligations to pay the balance of $28,016.79, or any other amount claimed by Defendants under the Sales Agreement. (Ex. B. ¶ 4)

17.   Both the execution of the Settlement Agreement and the tender of the Subject Vehicle to Lithia occurred on or prior to April 1, 2021.

18.   Pursuant to the Settlement Agreement (¶ 4), Lithia was obligated to pay TMCC the balance owed on the Subject Vehicle by no later than April 15, 2021.

19.   On March 7, 2022, Plaintiff Casselman was informed her rent would be raised by around $400 on July 31, 2022, and was likely to be raised by another $400 in July 2023.  She therefore made the decision to purchase a home and sought preapproval for a home mortgage in early May 2022.

20.   Casselman researched the Missoula market and determined she could afford a home in the $300,000 to $350,000 range based on the current

mortgage rates of 5.5% for a 30-year mortgage. This meant a down payment of around $75,000 and a 30-year mortgage of $280,000.

21. However, when Casselman checked her credit record on May 4, 2022, she found the TMCC had been reporting late payments on her account for the last two years. This lowered her credit score from approximately 720 to 618 and put the purchase of a home out of her reach.

22. It was subsequently learned that TMCC reported the "bad debt" on Plaintiff's credit report because Lithia failed to fulfill its contractual obligation to pay the balance owed TMCC under the Settlement Agreement.

23. Casselman made multiple attempts to have the brick on her credit report removed by contacting the credit agencies and providing a copy of the Settlement Agreement that documented Lithia's and TMCC's contractual agreement that Lithia was responsible for the unpaid balance under the Sales Agreement and that Plaintiffs had no further obligations whatsoever under the Sales Agreement.

24. Despite her multiple attempts, the credit agencies would not remove the "bad debt" reported by TMCC every month on Casselman's credit report.

25. Casselman continued her efforts to purchase a home throughout the summer and fall of 2022, because she believed Lithia and TMCC would

correct the false debt report and her credit rating would be restored. She located several listings that were within her budget if she could get her credit score corrected. She missed these opportunities because TMCC refused to correct its error and continued reporting a bad debt on Casselman's credit report every month.

26.    In November 2022, Casselman's mortgage broker made multiple attempts to have the false Lithia/TMCC debt removed from her credit report but was unsuccessful. He provided a copy of the Settlement Agreement to the reporting agencies documenting that Lithia, not Casselman, was responsible for the debt.

27.    Casselman's broker was advised by Accelerated ReScore that Experian and TransUnion tried to get the information over the phone from the creditor (TMCC), but were told by TMCC they would not release the debt because there was still a balance on the account. This was in spite of the fact TMCC was a party to the Settlement Agreement and had first-hand knowledge that Lithia, not Plaintiffs, was the party who failed to make the payment required by ¶ 4 of the Settlement Agreement.

28.    Based on TMCC's insistence that Casselman still owed the debt identified in the Settlement Agreement, her mortgage broker advised her to

withdraw her loan application rather than incur the negative effect of having it denied.

29.     Casselman contacted the attorney who represented her in negotiating the April 1, 2018, Settlement Agreement.  After multiple contacts and threats of legal action, TMCC finally removed the brick from Casselman's credit report in December 2022, nearly two years after Lithia was contractually obligated to pay the debt.  This was an administerial act for TMCC, one which it refused to take for nearly two years.

30.     Following the removal of TMCC 's "bad debt," Casselman's credit score rose by 71 points in January/February 2023.  However, by then interest rates had risen to over 8%, and there was no longer affordable housing in the Missoula area.

31.     Casselman continues to rent and works three jobs to pay her rent. She has no realistic way of purchasing a home in the Missoula market.

## COUNT I – BREACH OF CONTRACT

32.      Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

33.      Lithia failed to make timely payment to TMCC as required under the Settlement Agreement and TMCC failed to require that Lithia

make that payment, instead asserting to credit reporting agencies that Casselman owed the debt to TMCC resulting from the purchase transaction.

34.     By such actions, both Lithia and TMCC breached their respective obligations under the Settlement Agreement by failing to make timely payment (Lithia) and continuing to report to credit reporting agencies that Plaintiffs owed the amount stated in the Settlement Agreement (TMCC).

35.     Plaintiffs are entitled to recover monetary damages proximately caused by the breaches of both Lithia and TMCC in an amount to be proved at trial.

## COUNT II – BREACH OF DUTY
## OF GOOD FAITH AND FAIR DEALING

36.      Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

37.      Under Montana law, the duty of good faith and fair dealing is read into every contract and breach of that duty constitutes an independent breach of the Settlement Agreement.

38.     Both Lithia and TMCC failed to honor their respective duties under the Settlement Agreement and thereby breached their duty of good faith and fair dealing by reducing the Settlement Agreement to a worthless sheet of paper.

## COUNT III – ACTUAL FRAUD (SECTION 28-2-405, MCA)

39.    Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

40.    Defendants committed "Actual Fraud" based on the following:

a.    Defendants represented that Lithia would assume responsibility for Plaintiffs debt under the Settlement Agreement by which Lithia would pay the outstanding balance to TMCC and Plaintiffs would be relieved of all financial obligations under the Sales Agreement;

b.    Defendants' representation to pay off the remining debt and absolve Plaintiffs of all further responsibility under the Sales Agreement was false;

c.    Defendants knew their representation to pay off Defendants remining debt and absolve Plaintiffs of all further responsibility under the Sales Agreement was false as demonstrated by Lithia's failure to pay the balance even after receiving notice of its failure and by TMCC continuously reporting the "bad debt" on Plaintiffs' credit reports;

d.    Defendants made these representations under the Settlement Agreement with the intent that Plaintiffs would rely on those representations;

e.    Plaintiffs acted in reliance on Defendants' representations as memorialized in the Settlement Agreement;

f.    Plaintiffs suffered economic, mental, and emotional damages as a direct result of Defendants' misrepresentations and refusal to honor the Settlement Agreement.

41.     By virtue of the foregoing, Lithia and TMCC committed actual fraud under Montana law pursuant to § 28-2-405, MCA, which defines actual fraud to include inducing a party to enter into a contract by making a promise without intention of performing and any other fact "fitted to deceive."

## COUNT IV – CONSTRUCTIVE FRAUD

42.     Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

43.     As a result of their actions set forth in this Complaint, Defendants are guilty of constructive fraud, defined by Montana Law (§ 8-2-406, MCA) to include:

> (1) any breach of duty that, without an actually fraudulent intent, gains an advantage to the person in fault or anyone claiming under the person in fault by misleading another person to that person's prejudice or to the prejudice of anyone claiming under that person; or
>
> (2) any act or omission that the law especially declares to be fraudulent, without respect to actual fraud.

44.     Plaintiffs were induced to sign the Settlement Agreement by constructive fraud and are entitled to recover damages caused by the failure of Lithia and TMCC to timely honor any of the provisions of the Settlement Agreement.

## COUNT V – DECEIT

45.    Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

46.    Montana Law (§ 27-1-712(2)(d), MCA) defines deceit to include "a promise made without any intention of performing it."  § 27-1-712(1), MCA, holds that "one who willfully deceives another with intent to induce that person to alter the person's position to the person's injury or risk is liable for any damage that the person suffers."

47.    By their actions Defendants demonstrated they had no intention of performing the obligations of the Settlement Agreement.  By inducing Plaintiffs to execute the Settlement Agreement, Defendants are guilty of deceit as defined by Montana law.

48.    Plaintiffs have suffered injury as a direct and proximate result of Defendants' deceit and are entitled to recover damages for that injury in an amount to be proved at trial.

## COUNT VI – PUNITIVE DAMAGES: MALICE

49.    Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

50.    Punitive damages may be awarded when a party "has knowledge of facts or intentionally disregards facts that create a high

probability of injury to the plaintiffs and: (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or (b) deliberately proceeds to act with indifference to the high probability of injury to plaintiff." Section 27-1-221(2), MCA.

51.    Defendants knew or intentionally disregarded the fact that, under the terms of the Settlement Agreement, Lithia was required to pay off the outstanding loan balance to TMCC and that Plaintiffs were absolved from all responsibility for the outstanding debt.

52.    Defendants knew or intentionally disregarded the high probability that their failure to pay off the loan and then report a bad debt on Plaintiffs' credit report would damage Plaintiffs' credit scores and ability to obtain financing on items such as a home mortgage.

53.    Plaintiffs were damaged as stated elsewhere in the Complaint by Defendants' malicious actions in failing to pay off the outstanding loan balance and subsequent reporting a bad debt on Plaintiffs' credit report.

## COUNT VII – NEGLIGENT MISREPRESENTATION

54.    Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

55.    Defendants had a duty to enter into the Settlement Agreement and abide by its terms.

56.    Defendants breached that duty by failing to pay of the outstanding debt under the Purchase Agreement and by reporting the "bad debt" on Casselman's credit report.

57.    Plaintiffs were damages as a direct result of the Defendants failure to fulfill their duties under the Settlement Agreement.

## COUNT VIII – VIOLATION OF
## MONTANA CONSUMER PROTECTION ACT

58.    Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

59.    Section § 30-14-1103, MCA, declares, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."

60.    The actions of Defendants alleged herein constitute "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

61.    Under § 30-14-133(1)(a), MCA, (Montana Consumer Protection Act), Plaintiffs are consumers who have suffered an ascertainable loss of money as a result of the use of an unfair method, act, or practice in the conduct of commerce in the State of Montana.

62.     As such, Plaintiffs are entitled to "bring an individual action under the rules of civil procedure in the district court of the county in which the seller, lessor, or service provider resides or has its principal place of business or is doing business" to recover money damages in the amount of any ascertainable loss of money or property or $500, whichever is greater."

63.     Pursuant to § 30-14-133(1)(a), MCA: "The court may. . .in its discretion, award up to three times the money damages in the amount of any ascertainable loss of money or property sustained, if actual damages do not exceed $100,000, and may provide any other equitable relief that it considers necessary or proper."

64.     Pursuant to § 30-14-133(3), MCA: "In any action brought under this section, the court may award the prevailing party reasonable attorney fees incurred in prosecuting or defending the action, except that attorney fees may not be awarded if the consumer recovers actual damages of $100,000 or more. Attorney fees are limited to no more than $250 an hour."

65.     Plaintiffs seek, in the alternative, statutory or actual damages under the provisions of the Montana Consumer Protection Act in an amount to be proved at trial, together with three times actual damages and attorney fees as authorized by that Act.

66.    Plaintiffs also seek equitable relief consisting of a mandatory injunction requiring that TMCC and Lithia consent to expunge Plaintiffs' entire credit history and reporting arising from the Sales Agreement transaction and financing of the Vehicle and that both Lithia and TMCC be required to report (through TMCC) to all credit reporting agencies that Plaintiffs' debt to TMCC was expunged by the Settlement Agreement and that this debt was improperly reported by TMCC to such credit agencies.

## COUNT IX – VIOLATION OF THE
## FAIR CREDIT REPORTING ACT

67.    Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

68.    Under the Settlement Agreement to which TMCC was a party, TMCC agreed that Plaintiffs' debt to TMCC became an obligation of Lithia, not Plaintiffs.

69.    TMCC made a false credit report giving rise to a private right of action for willful non-compliance under 15 USC § 1681n or negligent non-compliance under 15 USC §1681o which provide as follows:

(a)    **In General.**
Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–

(1)
  (A) **any actual damages sustained by the consumer as a result of the failure** or damages of not less than $100 and not more than $1,000;

  . . . .

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 USC § 1681n (emphasis added).

(a)    **In General.**
  Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 USC § 1681o.

70.    Plaintiffs seek damages in an amount to be proved at trial together with attorney fees as determined by the court and authorized by the Fair Credit Reporting Act.

## COUNT X – INTENTIONAL OR NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS

71.    Plaintiffs reallege and incorporate by reference here, all other paragraphs and allegations of this Complaint.

72.    Defendants, through negligence or by intent, inflicted severe emotional distress upon Plaintiffs resulting from Defendants failure or refusal to perform their duties under the Settlement Agreement which has resulted in extreme financial and economic injury to Plaintiffs, thereby causing damage to Plaintiffs in an amount to be proved at trial.

## PRAYER FOR RELIEF

Based on the claims asserted above, Plaintiffs are entitled to judgment in their favor against Defendants granting the following relief against Lithia and TMCC:

1.    Entry of judgment or order expunging all credit history regarding the subject transaction (both purchase of the vehicle and matters arising from the prior Settlement Agreement) to be submitted to all credit reporting agencies.

2.    Damages in the amounts proved at trial on all Counts together with an award of reasonable attorney fees under Counts VIII and IX.

3.      Punitive damages in an amount sufficient to deter Defendants from future conduct of the type proved at trial.

4.      For such other and further relief as the Court deems just and proper.

DATED this 17th day November, 2023.

                                    SIERRA CASSELMAN, Plaintiff
                                    SANDRA CHAFFEE, Plaintiff

                                    By their attorneys:

                                    /s/ Paul J. Petit
                                    Paul J. Petit
                                    3538 Connery Way, Unit B
                                    Missoula, MT  59808
                                    Telephone: (509) 619-3632

                                    /s/ Andrew D. Huppert
                                    Andrew D. Huppert
                                    CAREY LAW FIRM, P.C.
                                    225 West Broadway • P.O. Box 8659
                                    Missoula, MT 59807-8659
                                    Telephone: (406) 728-0011

## JURY DEMAND

Plaintiffs, by and through their counsel of record, hereby demand trial

by jury of all claims on which the right to a jury trial is afforded by law.

DATED this 17th day November, 2023.

SIERRA CASSELMAN, Plaintiff
SANDRA CHAFFEE, Plaintiff

By their attorneys:

/s/ *Paul J. Petit*
Paul J. Petit
3538 Connery Way, Unit B
Missoula, MT  59808
Telephone: (509) 619-3632


/s/ *Andrew D. Huppert*
Andrew D. Huppert
CAREY LAW FIRM, P.C.
225 West Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011